IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-90-GF-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| BENJAMIN C. GUSTAFSON, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Gustafson of violating his conditions of supervised release by (1) absconding from a Residential Reentry Center, (2) testing positive for methamphetamine, and (3) failing to report for substance abuse treatment. He admitted to the allegations. His supervised release should be revoked. He should be sentenced to six months in custody, with thirty months of supervised release to follow.

1

## II. Status

United States District Judge Sam Haddon sentenced Mr. Gustafson to ninety-six months in custody, with thirty-six months of supervised release to follow, on March 27, 2012, after a he pleaded guilty to Unlawful Transport of Firearms. (Doc. 16.) He began his current term of supervised release on October 11, 2016, in the District of Colorado.

United States District Judge Brian Morris modified the conditions of Mr. Gustafson's supervised release on November 28, 2016, to include the condition that he spend 180 days at a Residential Reentry Center after he failed to report for drug testing, committed new crimes, and used methamphetamine. (Doc. 18.)

**Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under Supervision on January 4, 2017, alleging that Mr. Gustafson violated the terms of his supervised release (1) absconding from a Residential Reentry Center, (2) testing positive for methamphetamine, and (3) failing to report for substance abuse treatment. (Doc. 19.) United States District Judge Brian Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 20.)

**Initial appearance**

Mr. Gustafson appeared before the undersigned on February 2, 2017, in

Great Falls, Montana. Federal Defender David Ness accompanied him. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Gustafson said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned. The Court continued the revocation hearing so the Probation Office could explore treatment options for Mr. Gustafson.

**Revocation hearing**

The Court conducted the revocation hearing on March 16, 2017. (Doc. 29.) Mr. Gustafson admitted to the allegations. The violations are serious and warrant revocation of his supervised release.

Mr. Gustafson's violation grade is Grade C, his criminal history category is VI, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for eight to fourteen months in custody.

Mr. Ness recommended that the Court not send Mr. Gustafson back to prison. Mr. Gustafson exercised his right of allocution and stated that he is ready to try again and do things the right way. Mr. Cobell recommended a sentence at the

low-end of the guideline range.

### III. Analysis

Mr. Gustafson's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to six months in custody, with thirty months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Gustafson was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Benjamin C. Gustafson violated the conditions of his supervised release by (1) absconding from a Residential Reentry Center, (2) testing positive for methamphetamine, and (3) failing to report for substance abuse treatment.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Gustafson's supervised release and

committing him to the custody of the United States Bureau of Prisons for six months, with thirty months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 28th day of March 2017.

_____
John Johnston
United States Magistrate Judge